| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>---------------------------------------------------------X<br>CHRISTOPHER D'ARPA, *et al.*,<br><br>       Plaintiffs,<br> -against-<br><br>RUNWAY TOWING CORP., *et al.*,<br><br>       Defendants.<br>---------------------------------------------------------X | *NOT FOR PUBLICATION*<br><br><br><br><br>SUMMARY ORDER<br><br>12-CV-1120 (JG) (RER) |

**RAMON E. REYES, JR., U.S.M.J.:**

  Before the Court are various status reports and letters in which (1) plaintiffs complain of the inadequacy of defendants' discovery responses, (2) defendants complain about the improper breadth of plaintiffs' discovery requests, and (3) the parties' attorneys accuse each other of improper conduct, and seek fees and costs related to the motions. (Dkt. Nos. 59, 60, 62, 65, and 66.) I will treat these submissions collectively as a motion under Fed. R. Civ. Proc. 37(a) to compel defendants to produce documents, as well as cross-motions for fees and costs against counsel. I have thoroughly reviewed the parties' submissions, and find cause to grant plaintiffs' motion to compel in its entirety. I also find cause to assess fees and costs against defendants and their counsel, jointly and severally. There is no cause to assess costs, fees, or levy sanctions against plaintiffs' counsel.

  <u>Motion to Compel</u>

  Basically, the discovery dispute concerns the proper statute of limitations to apply to this action, which was brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and purported class action under New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, N.Y. Comp.Codes R. & Regs. tit. 12, § 142–2.2 *et seq*. The

parties appear to agree that the statute of limitations will determine how far back the defendants must produce wage and hour and other records.  Plaintiffs contend the FLSA statute of limitations is either two or three years, and the NYLL statute of limitions is six years (Dkt. No. 66 at 2-4.), and therefore, defendants are obligated to produce documents going back six years.  Defendants contend that the proper statute of limitations is only two years under the FLSA, and believe plaintiffs are only entitled to documents going back that far.  (*E.g.*, Dkt. No. 65 at 2.)

There should be no question that the NYLL six-year statute of limitations applies to this matter.  Defendants stipulated to conditional certification of this matter as a collective action under the FLSA (Dkt. No. 14), and did not object to a Notice being issued to defendants' current and former employees informing them of the availability of collective-action claims under the FLSA, and purported class-claims under the NYLL.  (Dkt. Nos. 15 and 16.)  The Notice was expressly prepared in "accordance with the requirements set forth by Judge Gleeson in a decision dated October 11, 2007 in *Guzman v. VLM, Inc., et al.*, Case No. 07-CV-1126 (JG)(RER)", and in which the NYLL six-year statute of limitations was applied.  (Dkt. No. 15 at 2.)  Many courts in this District and others have come to the same conclusion.  Thus, defendants have been on notice since at least July 13, 2012 that a six-year statute of limitations would be applied.  (Dkt. No. 16.)  There is simply no reason for Defendants or their attorneys to resist production of wage and hour and other records going back six years.  Accordingly, plaintiffs' motion to compel is granted in its entirety.[1]

---

[1] Defendants make no meaningful argument against production of the specific documents plaintiffs seek.  Rather, they object only to the time period applicable to the production.

Motion for Fees and Costs

Although not cited by plaintiffs as a basis for their motion to assess costs and fees against defendants and their counsel, Rule 37 provides that if a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, . . . require that *the party or attorney advising that conduct,* or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Additionally, I warned the parties at the October 9, 2012, conference, at which these motions were contemplated, that "whoever loses the bulk of that motion will pay the other side's costs in writing the letter." (Dkt. 50 at 39.) Because the motion to compel has been granted, the only issue is who should pay the associated fees and costs, defendants and/or their attorneys.[2]

It is clear that from the outset of this case, the defendants themselves have dragged their feet in complying with their discovery obligations. At the September 13, 2012 status conference I had to admonish defendants directly for not complying with their discovery obligations and not producing all documents requested by plaintiffs. (Dkt. No. 45 at 10-19.)[3] I gave defendants until October 19, 2012, "to respond in full to the document requests." (*Id.* at 20.) Obviously, defendants did not comply with that Order. At the time, it did not appear that defendants' counsel was complicit in the discovery deficiencies. (*Id.* at 11-12.)

---

[2] I find that the three exceptions in Rule 37(a)(5)(A) to awarding fees and costs do not apply. In particular, the nondisclosure certainly is not "substantially justified" in light of the Notice, which expressly identifies the applicability of the NYLL six-year statute of limitations, to which Defendants consented. Further, there do not appear to be "other circumstances [that] make an award of expenses unjust." *See* Fed. R. Civ. P. 37 (a)(5)(A)(i)-(iii).

[3] Specifically, Defendants refused to produce wage and hour records for anyone other than the four named plaintiffs.

3

Subsequently, however, it became clear that defendants' counsel was at least partially, if not equally, to blame for defendants' discovery deficiencies, and the need for plaintiffs to file the instant motion. At an October 9, 2012 conference, defendants' counsel persisted in arguing that defendants had no obligation to produce wage and hour records for anyone other than the named or opt-in plaintiffs, despite the fact that this is a conditionally-certified collective action under the FLSA and a purported class action under the NYLL. (Dkt. No. 50 at 32.) I reiterated that defendants were so obligated. (*Id.*) Nevertheless, and while now acknowledging that "the Court has ordered that the defendants produce daily punch in and out records for all the potential members of the class," (Dkt. No. 65 at 3), defendants' counsel persists in arguing to both plaintiffs' counsel and the Court, without a legal basis to do so, that defendants are not obligated to produce more than two years of wage and hour records (Dkt. No. 60 at 1-2.) Thus, at every turn, defendants' counsel has sought to thwart and/or delay discovery.[4]

Accordingly, defendants and their counsel shall be responsible for payment of the attorney's fees and costs incurred by plaintiffs' counsel as a result of having to make the instant motion to compel. I am further directing counsel for plaintiffs to submit by December 14, 2012,

---

[4] I find counsel's eleventh-hour argument that defendants have not violated this Court's Orders to produce the documents and complete discovery by November 8th to be disingenuous. (Dkt. No. 65 (Letter dated November 20, 2012) at 1.) Apparently in an effort to dissuade the Court from granting plaintiffs' motion, counsel contends that defendants have already produced all wage and hour records for the named and opt-in plaintiffs (a point which plaintiffs dispute), and "need [only] an additional two weeks to produce all the rest." While "all the rest" is vague, not referring to the temporal length of the production, counsel's contention flies in the face of the repeated assertions to the Court and plaintiff's counsel that defendants have no obligation to produce "all the rest" – six years of documents. Moreover, had defendants every intention of complying fully with plaintiffs' requests for six years of records, but just needed additional time to do so, why didn't they seek an extension from plaintiffs or the Court? Had they done so, the need for the motion would have been obviated as both plaintiffs or the Court would surely have granted that extension request.

an appropriate fee application stating, with specificity, the costs incurred in bringing this motion. The application should include contemporaneous billing records. Once that fee application is filed, defendants will have until December 19, 2012, to file any object to the contents of the application. No reply will be permitted.

Conversely, no costs, fees or sanctions are assessed against plaintiffs' counsel. Although it is not entirely clear from defendants' papers, it seems as though the request is based on two grounds. First, plaintiffs' counsel's insistence on obtaining six years of wage and hour records in the face of the FLSA's two year statute of limitations. Second, plaintiffs' counsel's refusal to produce the named and opt-in plaintiffs' tax returns. (Dkt. Nos. 60 at 2, and 65 at 4.)

The first ground is easily rejected, as it is the "flip-side" of the application that has already been granted. Because defendants will be compelled to produce the requested six years of wage and hour records, and will be assessed costs and fees associated with the motion to compel such prodcution, costs and fees will not be assess against plaintiffs' counsel for insisting that such records be produced. The second ground is also easily rejected. As this Court and others have held, the discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own records. *E.g., Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, 144-45 (E.D.N.Y. 2010); *Uto v. Job Site Services, Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010).

\*   \*   \*

In conclusion, plaintiffs' motions to compel and to assess fees and costs are granted. All remaining responsive documents must be produced in full no later than January 18, 2013,

5

without exception. Extensions are highly unlikely to be granted. Fees and costs related to these motions are assessed against defendants and their counsel, jointly and severally. No fees or costs are assessed against plaintiffs' counsel.

      **SO ORDERED.**

**Dated: December 11, 2012**
      **Brooklyn, New York**

                                        *Ramon E. Reyes, Jr.*
                                        **RAMON E. REYES, JR.**
                                        **United States Magistrate Judge**