## GARY ROSEN LAW FIRM, P.C.
### ATTORNEYS AT LAW

1010 NORTHERN BOULEVARD, SUITE 322
GREAT NECK, NEW YORK 11021

ADMITTED:
NEW YORK
FLORIDA
NEW JERSEY

516-437-3400
FAX 516-334-3000
email: grosen@garyrosen.com

September 13, 2013

**VIA ECF AND COURTESY COPY VIA US MAIL**
Judge John Gleeson
United States District Judge
United States District Court
225 Cadman Plaza
Brooklyn, New York 11201

Re:   Docket No. 12-CV-1120
       **CHRISTOPHER D'ARPA, JOSUE JOEL PUJOLS-VASQUEZ, DESMOND MITCHELL AND EDGAR PADILLA, Individually and on Behalf of All Other Persons Similarly Situated**
                   **Plaintiffs,**
       -   **against –**
**RUNWAY TOWING CORP., RUNWAY TOWING & RECOVERY CORP., CYNTHIA PRITSINEVELOS AND CHRIS PRITSINEVELOS, JOHN DOES # 1-10 AND XYZ CORPORATIONS # 1-10, Jointly and Severally**

Dear Judge Gleeson:

This office represents the Plaintiffs in the above entitled action.

Please find the fully executed Stipulation and Agreement of Settlement, Consent Judgment and proposed Order with exhibits ("Settlement Agreement") in this action.

If the enclosed is acceptable to your Honor, kindly advise us of a date for a Fairness Hearing.  The documents enclosed state that the Fairness Hearing will be held 75 days after Preliminary Approval.

Thank you very much for all of your help in settling this case.

Very truly yours,

Gary Rosen

cc: Margolin & Pierce

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

CHRISTOPHER D'ARPA, JOSUE JOEL
PUJOLS-VASQUEZ, DESMOND MITCHELL,
EDGAR PADILLA, individually and on behalf of all
other persons similarly situated,

                                  Plaintiffs,

                              -against-

RUNWAY TOWING CORP., RUNWAY
TOWING & RECOVERY CORP., CYNTHIA
PRITSINEVELOS; CHRIS PRITSINEVELOS,
JOHN DOES # 1-10; XYZ CORPORATIONS # 1-10,
jointly and severally,

                                 Defendants.

-----------------------------------------------------------------------------X

Docket No. 12-CV-1120
(JG)(RER)

District Judge GLEESON
Magistrate Judge REYES

# STIPULATION AND AGREEMENT OF SETTLEMENT, CONSENT JUDGMENT AND ORDER OF THE COURT

This Stipulation and Agreement of Settlement ("Stipulation" or "Settlement Agreement") is entered into between (i) Plaintiffs Christopher D'Arpa, Josue Joel Pujols-Vasquez, Desmond Mitchell and Edgar Padilla ("Plaintiffs") on behalf of themselves and the Settlement Class[1] and (ii) Defendants Runway Towing Corp., Cynthia Pritsinevelos and Chris Pritsinevelos by and through their undersigned attorneys.

This Settlement Agreement states all of the terms of the Settlement of this case and is intended by the parties to fully and finally compromise, resolve, discharge, and settle the Released Claims subject to the terms and conditions set forth below.

---

[1] Except as stated otherwise, all capitalized terms are defined in the Definitions section of this Stipulation.

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by (i) the Plaintiffs, for themselves and on behalf of the Settlement Class, and (ii) Defendants, that subject to the approval of the Court, this Class and Collective Action shall be settled and compromised and dismissed, on the merits and with prejudice and the Released Claims shall be finally and fully compromised and settled in the manner and upon the terms and conditions hereafter set forth:

<u>The Litigation</u>

1.        On March 7, 2012, Plaintiffs filed this action on their own behalf and on behalf of all Employees who were employed by Defendants for the period commencing on March 7, 2006. Plaintiffs brought claims for failure to pay overtime pursuant to the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et. seq.*, failure to pay overtime pursuant to the New York Labor Law ("NYLL"), spread of hours pay under the NYLL, unlawful deductions under the NYLL, and unjust enrichment. Plaintiffs' FLSA claims were brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf all Employees who were employed by Defendants from March 7, 2006. Plaintiffs' NYLL claims were brought as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class of all Employees who were employed by Defendants from March 7, 2006. Nineteen (19) Employees have opted-in to this Action by being an initial Plaintiff or by filing a Consent to Become Party Plaintiff ("Opt-in Plaintiffs").

2.        On April 4, 2012, Defendants filed an Answer to the complaint denying the allegations set forth in the complaint.

3.        On April 8, 2012, Plaintiffs filed a First Amended Complaint.

4.      On April 9, 2012, the Court issued a scheduling order.

5.      On April 19, 2012, the Defendants filed an answer to the First Amended Complaint.

6.      On May 8, 2012, the parties appeared before Magistrate Judge Ramon E. Reyes ("Judge Reyes") for an initial conference where discovery was discussed.

7.      On May 9, 2012, Judge Reyes issued a scheduling order which provided for all discovery to be completed on or before November 8, 2012; for Plaintiff to file a motion for conditional certification for a Fair Labor Standards Act collective action by June 15, 2012 with Defendants to file opposition by June 30, 2012 and for Plaintiffs to file a reply by July 13, 2012.

8.      On June 25, 2012, Plaintiffs' counsel and Defendants' counsel filed a joint motion to certify the action as a conditional collective FLSA action.

9.      On June 26, 2012, Judge John Gleeson issued an order granting the joint motion certifying the action as a conditional collective FLSA action.

10.     On June 28, 2012, Plaintiffs' counsel filed a proposed notice of publication of the conditional class action.

11.     On July 6, 2012, the Court directed Defendants to file any opposition to the proposed notice of publication of the conditional class action by July 11, 2012.

12.     On July 13, 2012, Judge Reyes granted the motion to approve the proposed notice of publication of the conditional class action.

13.     On August 9, 2012, Judge Reyes issued an Order directing all parties to appear on September 4, 2012 with regard to discovery disputes.

14.         On August 29, 2012, Opt-In Plaintiff Pastor Rivera filed a consent to become a party in the FLSA collective action.

15.         On September 10, 2012, Opt-In Plaintiff Ricardo Sanabria filed a consent to become a party in the FLSA collective action.

16.         On September 10, 2012, Opt-In Plaintiff Manny Carpintero filed a consent to become a party in the FLSA collective action.

17.         On September 13, 2012, a conference was held before Judge Reyes and Defendants were ordered to respond in full to Plaintiffs' document demands by October 19, 2012.  The Court ordered that a status report be filed by November 7, 2012.

18.         On September 27, 2012, Opt-In Plaintiff Mariano Perez filed a consent to become a party in the FLSA collective action.

19.         On September 27, 2012, Opt-In Plaintiff Donnie Mack filed a consent to become a party in the FLSA collective action.

20.         On October 1, 2012, Opt-In Plaintiff Jacqueline Shao filed a consent to become a party in the FLSA collective action.

21.         On October 1, 2012, Opt-In Plaintiff Jeffrey Kimbrough filed a consent to become a party in the FLSA collective action.

22.         On October 1, 2012, Opt-In Plaintiff Jose Rodriguez filed a consent to become a party in the FLSA collective action.

23.         On October 1, 2012, Opt-In Plaintiff Victor Fallas filed a consent to become a party in the FLSA collective action.

24.         On October 2, 2012, Opt-In Plaintiff Nedim Adam Mergen filed a consent to become a party in the FLSA collective action.

25.    On October 9, 2012, a pre-motion conference was held before Judge Reyes regarding claims of intimidation by Defendants and for discovery disputes.

26.    On October 9, 2012, Opt-In Plaintiff Jeremy Bennett filed a consent to become a party in the FLSA collective action.

27.    On October 15, 2012, Opt-In Plaintiff Anthony Alicia filed a consent to become a party in the FLSA collective action.

28.    On October 21, 2012, Plaintiffs filed a motion for a protective order to preclude communications between defendants and defendants' counsel with any plaintiffs, opt-in plaintiffs and potential plaintiffs and to preclude withdrawals by certain plaintiffs.

29.    On October 22, 2012, Opt-In Plaintiff Bryan Gonzalez filed a consent to become a party in the FLSA collective action.

30.    On October 25, 2012, a hearing was held before Judge Reyes regarding intimidation of parties.

31.    On November 13, 2012, Opt-In Plaintiff Anatole Williams filed a consent to become a party in the FLSA collective action.

32.    On November 14, 2012, Opt-In Plaintiff Vernon Dann filed a consent to become a party in the FLSA collective action.

33.    On November 16, 2012, Plaintiffs filed a motion for sanctions against Defendants for Defendants' failure to comply with discovery demands.

34.    On November 29, 2012, Plaintiffs filed an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction to prevent Defendants Cynthia Pritsinevelos and Chris Pritsinevelos from selling their house.

35.      On December 5, 2012, Judge Reyes issued an order granting and denying in part the Plaintiffs' motion for a protective order and order prohibiting any plaintiff or opt-in plaintiff from withdrawing from this action without approval after a fairness hearing or trial.

36.      On December 10, 2012, the Court issued an order directing Defendants Cynthia Pritsinevelos and Chris Pritsinevelos to appear for depositions.

37.      On December 10, 2012, the Court issued an Order granting Plaintiffs' motion for sanctions against defendants for failure to comply with discovery demands.

38.      On December 13, 2012, Judge Gleeson issued an Order "So-Ordering" the Joint Stipulation withdrawing the Order to Show Cause for a preliminary injunction and order of attachment.

39.      On December 19, 2012, Defendants filed a motion for reconsideration of Judge Reyes' order of December 10, 2012 granting Plaintiffs' motion for sanctions against defendants for failure to comply with discovery demands.

40.      On December 29, 2012, Judge Reyes denied Defendants' motion for reconsideration of the Order granting Plaintiffs' motion for sanctions against defendants for failure to comply with discovery demands.

41.      On January 4, 2013, Plaintiff file a request for a pre-motion conference to file Plaintiffs' motion for summary judgment.

42.      On January 17, 2013, a pre-motion conference was held before Judge Gleeson who referred the matter to Judge Reyes to determine when the appropriate time would be for the Plaintiffs to file a motion for summary judgment.

43.     On January 22, 2013, Judge Reyes issued a scheduling order directing that Plaintiffs file for a Rule 23 class certification and for summary judgment by March 22, 2013, which scheduling order was thereafter amended.

44.     On January 24, 2013, Plaintiffs filed a letter motion for permission to file a Second Amended complaint.

45.     On March 7, 2013, the Court granted Plaintiffs' motion to file a Second Amended complaint.

46.     On April 14, 2013, Plaintiffs file a motion for summary judgment.

47.     On May 17, 2013, Defendants filed a cross motion for summary judgment.

48.     On June 12, 2013, oral argument was held on the Plaintiffs' motion for summary judgment and on the Defendants' cross-motion for summary judgment.

49.     On June 18, 2013, Judge Gleeson issued an order granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment and denying Defendants' Motion for Partial Summary Judgment. Judge Gleeson ordered the parties to appear for a status conference on June 27, 2013 at 10:30 AM to discuss damages and possible settlement.

50.     On July 1, 2013, Defendants filed a motion for reconsideration of Judge Gleeson's June 18, 2013 Order.

51.     On July 23, 2013, a hearing was held before both Judge Gleeson and Judge Reyes, wherein Judge Gleeson denied the Defendants' motion for reconsideration and ordered the parties to discuss settlement with Judge Reyes.

7

52.     On July 23, 2013, after over three hours of discussions with Judge Reyes, this settlement was reached.

<u>Benefits to the Settlement Class</u>

53.     Plaintiffs and Plaintiffs' Counsel believe that the monetary recovery provided by the Settlement constitutes an excellent result for Class Members based on the claims and defenses asserted, the evidence developed, the damages that might be proven against Defendants, the ability of certain Defendants to pay a judgment, and the risks Plaintiffs faced in maintaining this action as a class or collective action through trial.

54.     Plaintiffs and Plaintiffs' Counsel further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. They have also considered the uncertain outcome and the risk of any litigation as well as the difficulties and delays inherent in any such litigation. They are further mindful of the risks of collecting on any judgment and the likely delay in obtaining a final judgment and collecting it for the Class. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice as set forth herein. Based upon their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable and adequate, and in the best interests of Plaintiffs and the Class Members, and that it confers substantial benefits upon the Class Members.

55.     Defendants state that they are entering into this Settlement to eliminate the uncertainties, burden and expense of further protracted litigation. The parties further agree that neither the Stipulation, nor the Settlement, nor any of their terms, shall constitute an admission or finding of wrongful conduct, acts or omissions on the part of any Releasee,

or be admissible as evidence of any such wrongful act or omission in any judicial, arbitral, administrative or investigative proceeding, other than a proceeding to enforce the terms of the Stipulation.

56.     Nothing contained in this Agreement shall be construed or deemed an admission of liability or wrongdoing on the part of Defendants. Each of the parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expenses.

57.     In the event that this Agreement is not approved by the Court, any appellate court, or otherwise fails to become effective and enforceable, or is terminated, Defendants will not be deemed to have waived, limited, or affected in any way any of their objections or defenses in the Litigation.

<u>Definitions</u>

58.     The following capitalized terms, used in this Stipulation, shall have the meanings specified below:

a.          "Agreement" means this Settlement Agreement.

b.          "Defendants" mean Runway Towing Corp., Cynthia Pritsinevelos and Chris Pritsinevelos.

c.          "Class" or "Class Members" or "Settlement Class" means all persons who worked as Employees of Runway Towing Corp. from March 7, 2006 to date who do not timely opt out of the NYLL claims in this Settlement, and also includes all Opt-in Plaintiffs.

d.          "Class Counsel" or "Plaintiffs' Counsel" means the Gary Rosen Law Firm, P.C.

9

e.            "Attorneys' Fees" means the portion of the Settlement Amount amounting to $125,000.00 constituting attorneys' fees, costs and expenses to be paid to Class Counsel for litigating and resolving this action.

f.            "Class Period" means the period of time between March 7, 2006 and the present date.

g.            "Settlement Amount" means Three Hundred Fifty Thousand Dollars ($350,000) to be paid by Defendants to the Class Counsel as escrow agent to take and retain custody of the Settlement Fund under this Agreement, and pursuant to the terms of this Settlement Agreement for complete and final resolution of the action.

h.            "Code" means the Internal Revenue Code of 1986, as amended.

i.            "Court" means the United States District Court for the Eastern District of New York, and any appellate court which may review any orders entered by the Court related to this Settlement.

j.            "Final Order" means the Order to be entered pursuant to this Agreement.

k.            "FLSA" means the federal Fair Labor Standards Act.

l.            "FLSA Collective" means all persons who worked as Employees of Runway Towing Corp. from March 7, 2009 to date whose claims were certified for collective action treatment by Judge Gleeson on June 18, 2013.

m.            "Incentive Award" means that portion of the Settlement Amount, if any, requested by the Plaintiffs and/or approved by the Court as a reasonable incentive award to the Plaintiffs as the class representatives.

**n.**          "Notice" means a document substantially in the form attached hereto as Exhibit A.

**o.**          "Notice and Administration Costs" means the costs of providing notice and administering the Settlement including the costs of an escrow agent and/or trustee as set forth in this Settlement Agreement.

**p.**          "NYLL" means the New York Labor Law.

**q.**          "Released Claims" means those claims released by the Plaintiffs and the Settlement Class members in accordance with this Agreement.

**r.**          "Settlement Effective Date" means the first day following the last of the following occurrences:

(a)   The date the time to appeal or seek other judicial review of the entry of the Final Order approving the Settlement has expired with no appeal or other judicial review having been taken or sought, provided however that the appeal of any order dealing solely with issues of allocation shall not under any circumstances delay the Settlement Effective Date; or

(b)   If an appeal or other judicial review of the Final Order has been

a.          taken or sought: the date the Final Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom in accordance with court rules; or the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or if remanded to the Court or to a lower appellate court following an appeal or other review, the date the Final Order is entered by the Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final

11

Order has expired with no further appeal or other judicial review having been taken or sought.

        **s.**                "Settlement Fund" means the Settlement Fund to be set up in accordance with the Agreement.

        **t.**                "Employees" means all persons who worked as tow truck driver, dispatcher, office personnel, yard man, mechanic for Runway Towing Corp. from March 7, 2006 to date.

Submission of the Settlement to Court for Approval

    59.        Upon execution of this Agreement, Plaintiffs shall apply to the Court for preliminary approval of the Settlement and or the scheduling of a hearing for consideration of final approval of the Settlement, and an application of an award of attorneys' fees and expenses and incentive award for Plaintiffs. The parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms and to dismiss this action with prejudice.

    60.        Plaintiffs shall apply to the Court for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit B:

        a.                preliminarily approving the Settlement;

        b.                appointing Gary Rosen Law Firm, P.C. as Class Counsel and as escrow agent for the Settlement Fund;

        c.                certifying, pursuant to Federal Rule of Civil Procedure 23, the Class for settlement purposes only;

d.        appointing Christopher D'Arpa, Josue Joel Pujols-Vasquez, Desmond Mitchell and Edgar Padilla as Class Representatives;

e.        setting a hearing (the "Fairness Hearing"), upon notice to the Class, to consider: (i) whether the Settlement should be approved as fair, reasonable and adequate to the Class Members, and dismissing the claims of Plaintiffs and all Class Members against Defendants as set forth in this Stipulation, on the merits and with prejudice, subject to the payment of the Settlement Amount; and (ii) granting Class Counsel's application for an award of attorneys' fees and payment of costs and expenses as set forth in this Stipulation and for incentive awards for Plaintiffs.

f.        setting the method of giving notice of the Settlement to the Class as described in the Preliminary Approval Order (Exhibit B) and in the Notice (Exhibit A);

g.        approving the form of notice attached hereto as Exhibit A; and

h.        setting a period of time during which members of the Class may opt out of or serve written objections to the Settlement.

61.        At the Fairness Hearing, Plaintiffs shall request that the Court issue an order consistent with this Stipulation and Agreement of Settlement, Consent Judgment and Order:

a.        approving finally the Settlement as fair, reasonable and adequate, and directing its consummation pursuant to its terms;

b.        resolving the Action and all of the claims asserted by the Class Members in the Litigation without costs (except as provided herein) and with prejudice, and releasing the Released Claims as against Defendants;

c.          granting a consent judgment in favor of Plaintiffs and against Defendants;

d.          reserving jurisdiction over this Action, including all further proceedings concerning the administration, consummation and enforcement of this Settlement;

e.          permanently barring, enjoining and finally discharging all claims as provided for in this Stipulation, below; and

containing such other and further provisions consistent with the terms of this Settlement to which the parties hereto expressly consent in writing.

<u>Settlement Consideration</u>

62.     In full and complete settlement of the Action and the Released Claims, Defendants shall pay Three Hundred Fifty Thousand Dollars ($350,000) for the benefit of Plaintiffs and the Class (the "Settlement Amount") to the Settlement Fund.

63.     The Court shall enter a consent judgment against Defendants in the amount of Three Hundred Fifty Thousand and no/100 ($350,000.00) dollars.

64.     Defendant Runway Towing Corp., Defendant Cynthia Pritsinevelos and Defendant Chris Pritsinevelos agree to the entry of this judgment without contest.

65.     Defendant Runway Towing Corp., Defendant Cynthia Pritsinevelos and Defendant Chris Pritsinevelos individually acknowledge their responsibilities pursuant to this Agreement and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Agreement and Judgment.

66.     There are three parts to the Settlement Fund.

14

67.     Part I consists of a total of $150,000.00 to be paid by Defendants which is the amount of money that will be paid to the up to nineteen (19) individuals who were either initial plaintiffs in this action or who filed a form to opt-in to this lawsuit prior to the date of this notice ("Opt-In Plaintiffs").

68.     Based on the information provided by the Opt-In Plaintiffs to the Plaintiffs' attorneys, and when taken together with the records provided by the Defendants, the Plaintiffs' counsel will be providing a schedule to the Court detailing how much of the $150,000.00 should be paid to each of the Opt-In Plaintiffs.   The information that will be used will be payroll time sheets and payroll records provided by the Defendants which explain the number of hours of overtime pay that each of the Opt-In Plaintiffs were not paid.  When taken with the Opt-In Plaintiffs' hourly rate of pay, the schedule of payments to the Opt-In Plaintiffs will be presented to the Court for approval.

69.     Defendants shall not have any right to object to the distribution of the $150,000.00 under Part I of the Agreement.

70.     Part II consists of a total sum of $75,000.00 which is the amount of money that will be paid to all of the class members, other than the Opt-In Plaintiffs (the "Class Fund").  Defendants shall issue payment of the sum of $75,000.00 to Gary Rosen Law Firm, as attorneys within ninety (90) days of the issuance of a decision and order from the court approving the claims of any claimants seeking recovery under Part II for NYLL claims.

71.     In order to obtain a portion of the Class Fund, claimants must file a claim.  The Class Fund is applicable only to claims for violations of NYLL, by the

Defendants failure to pay overtime pay for each hour that a claimant worked in excess of forty (40) hours per week.

72.     For a claim to be considered by Class Counsel and submitted to the Court for approval, claimants must file a claim form with sufficient evidence to indicate that the claim is valid.

73.     Part III is the payment of Attorneys' Fees of $125,000.00 to Class Counsel.

74.     The Class Counsel's Attorneys' Fees of $125,000.00, any Incentive Award to the Plaintiffs, and Notice and Administration Costs are to be paid out of the total Settlement Amount.

75.     This is a claims made settlement as to the $75,000.00 Class Fund. In the event that valid claims totaling less than $75,000.00 are filed by claimants under the NYLL Class Action portion of this portion of any remainder of the $75,000.00 shall revert to Defendant Runway Towing Corp.

76.     The Class Funds shall be paid a pro-rata share based upon the calculation of the number of hours that a class member claimant worked overtime for Runway Towing Corp., the amount of money that they were paid per hour and the amount of money that they were paid each week.

77.     Defendants shall have no responsibility for this plan of allocation.

78.     The Settlement Fund shall be allocated by Class Counsel and recommended for approval to the Court.

79.     Class Counsel shall make a good-faith determination of the amount each Class Member should be paid, based on all of the evidence obtained through discovery in this Action and based upon the information provided by the claimants.

80.     In order to have federal claims in this case, a Class Member must have filed a "Consent to Become Party Plaintiff" or a "Fair Labor Standards Act Consent" by June 18, 2013 and not withdrawn it.

81.     The costs of Notice and Administration, the costs of notifying the Class, distributing the Settlement Fund, and otherwise administering the Settlement on behalf of the Class, shall be paid out of the Class Fund.

82.     Class Counsel may seek an Incentive Award of $7,500 to be paid to Christopher D'Arpa and $7,500 to Desmond Mitchell. Payment of such award will be made from the Part I Settlement Amount. Defendants shall not oppose the Incentive Award.

83.     Within thirty (30) calendar days after Court approval of this Agreement, The Defendants shall pay to Gary Rosen Law Firm, P.C. as attorneys and remit in accordance with this Settlement Agreement to Gary Rosen Law Firm, P.C., 1010 Northern Boulevard, Suite 322, Great Neck, New York 11021:

a.      the sum of $7,500 per month for twenty four (24) consecutive months;

b.      $95,000 on the first day of the twenty fifth (25th) month; and

c.      $75,000 within ninety (90) days from the decision on approved NYLL class claims.

84.     The assets of Runway Towing Corp., including the tow trucks, will be the collateral and security to ensure that payments will be made by Defendants in this action.

85.     Defendants may not sell, transfer or encumber any vehicles owned by Defendant Runway Towing Corp. without the express written consent of the Plaintiffs' attorneys to ensure that vehicles are not sold and the money taken out of Runway Towing Corp. by the Defendants.

86.     If Defendant Runway Towing Corp. wishes to sell a vehicle and purchase another vehicle to ensure that their business continues so that the Settlement Amount will be paid, then Plaintiffs' counsel will agree to allow the sale of a vehicle.

87.     If there is a dispute between the Plaintiffs' counsel and the Defendants as to the sale of a vehicle, then the Defendants may write to Judge John Gleeson who will resolve the matter.

88.     The house owed by Defendants Cynthia Pritsinevelos and Chris Pritsinevelos located at 215-12 29th Avenue, Bayside, New York (the "House") will be additional security for the Defendants' compliance with this Agreement and the payment of the Settlement Amount.

89.     Prior to Defendants Cynthia Pritsinevelos and Chris Pritsinevelos closing on the sale of the House, Defendants Cynthia Pritsinevelos and Chris Pritsinevelos must obtain approval by Judge John Gleeson, which approval may be granted or denied.

90.     In the event that Defendants Cynthia Pritsinevelos and Chris Pritsinevelos wish to sell the House and provided that Judge Gleeson grants the request,

18

as part of this Agreement, $47,500 of the $95,000 payment that is due in the twenty fifth month (25th) of this Agreement must be paid to the Plaintiffs' counsel's escrow account from the sale proceeds for the sale of the House to occur.

## NOTICE TO CLASS

91.     Within ten days of the signing of this Stipulation, Defendants shall provide to Plaintiffs' Counsel an updated listing of all Class Members, including Social Security numbers, dates of birth, last known addresses, telephone numbers, and e-mail addresses (the "Class List"). The Class List shall be based on the data kept in the ordinary course of business by Defendants. The parties agree that the contents of the Class List are confidential and shall not be shared with third parties.

92.     Notice shall be accomplished by, within seven (7) days of the Court issuing its Order preliminarily approving the Settlement and Notice: (I) mailing the Notice Documents (Exhibit A) to the Class Members' last known addresses and (2) sending the Notice Documents to the Class Members' last-known e-mail addresses. With respect to Notice Documents that are returned as undeliverable if forwarding addresses are provided by the USPS, the Class Counsel shall re-mail Notice Documents immediately.

93.     If the Court orders additional forms of notice and settlement administration, such additional costs shall be paid out of the Settlement Amount as part of the Notice and Administration Costs.

## COMPREHENSIVE WAIVER, RELEASE, AND DISMISSAL

94.     The Released Claims against Defendants shall be fully, finally and forever released, relinquished and discharged with prejudice and on the merits, without

costs to any party (other than as provided herein), upon entry of the Final Order and upon the payment of all funds required hereunder.

95.     Subject to final approval by the Court of the Settlement, and upon payment of the Settlement Amount, Plaintiffs and the Class Members, other than those who Opt Out of the Class ("Releasing Class Members"), do hereby irrevocably release Defendants from any and all liability and waive all of their claims or rights against the Defendants arising from Defendants' conduct as alleged in the Complaint or as described herein.

<u>Administration and Distribution of the Settlement</u>

96.     Class Counsel or their authorized agents, subject to the approval of the Court, shall administer and oversee distribution of the Settlement Fund.

97.     Class Counsel shall be the Settlement Administrator.

98.     The Settlement Amount shall be applied in the following order and priority:

    a.  To pay the Notice and Administration Costs including the costs of notifying the Class, and otherwise administering the Settlement on behalf of the Class (the costs of the Notice and Administration Costs including the costs of notifying the Class, and otherwise administering the Settlement on behalf of the Class shall be deducted from the $75,000.00 Class Fund prior to making payments to the Class Fund members);

    b.  Payment of the $150,000.00 to the Opt-In Plaintiffs, inclusive of Incentive Fees and payment of the sum of $125,000.00 to Class Counsel, pro-rata as the monthly payments and total payments are received from Defendants;

    c.  Payment of the $75,000.00 Class Fund.

99.      In the event that there is any balance left in the Class Fund, one year after the final distribution of all claims approved for claimants of the Class Fund and after Class Counsel's reasonable efforts to locate Class Members whose checks remain uncashed, any such balance of the Class Fund shall revert to and be paid to Defendant Runway Towing Corp.

100.     Class Members will be subject to and bound by the provisions of this Stipulation and the Final Order. Any Class Member who fails to timely cash his or her check received pursuant to this Stipulation shall be forever barred from receiving any payments pursuant to this Stipulation.

101.     Class Counsel may distribute Settlement Fund to Class Members quarterly or semi-annually after approval by the Court of the claims.

102.     Payment from the Settlement Fund made pursuant to and in the manner set forth above shall be deemed compliance with this Settlement Agreement.

103.     No Class Member shall have any claim against the Plaintiffs, Defendants, the Class Counsel, Defendants' counsel, based on the Class Counsel's determinations regarding distributions made substantially in accordance with this Stipulation and/or orders of the Court.

<u>Settlement Fund</u>

104.     At the times required by this Agreement, the Defendants shall transfer the Settlement Amount to the Gary Rosen Law Firm, P.C., Client Master Escrow Account by payment by check delivered to Gary Rosen Law Firm, P.C., 1010 Northern Boulevard, Suite 322, Great Neck, New York 11021.

105.     Class Counsel shall have sole authority and responsibility for the administration of the Settlement Fund subject only to the rights of Defendants to seek redress for any breach of the terms hereof.

106.     The Settlement Fund shall be maintained in an attorney escrow account until distributed in accordance with this Agreement and any orders of the Court

Effect of Disapproval, Cancellation or Termination of Agreement

107.     If the Court does not enter the Preliminary Approval Order substantially in the form annexed as Exhibit B hereto, or if the Settlement Effective Date does not occur, then this Stipulation shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the settlement under the terms of the Preliminary Order and/or Final Order as they may be modified by the Court. Such notice shall be provided on behalf of Plaintiffs and the Class Members by Class Counsel. No party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein. If any party hereto engages in a material breach of the terms hereof, any other party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this agreement on notice to the breaching party or initiate an action for enforcement. Prior to terminating this agreement, the non-breaching party shall provide the breaching party with ten (10) business days written notice of the alleged breach within which time the allegedly breaching party shall be permitted to cure the alleged breach, unless such breach is not amenable to cure or if time is of the essence.

22

108.        In the event this Stipulation is terminated or cancelled or the Settlement Effective Date fails to occur, then within ten (10) business days after Class Counsel gives written notice to Counsel for Defendants, or Counsel for Defendants gives written notice to Class Counsel, the balance of the Notice and Administration Costs, less any funds paid therefrom or funds attributable to expenses incurred but not yet paid, shall be refunded pro rata to Defendants. In such event, the parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of the date and time immediately before the execution of this Stipulation and they shall proceed in all respects as if this Stipulation and related orders had not been executed and without prejudice in any way from the negotiation, fact, or terms of this Settlement, and without prejudice to the claims, defenses or rights of any party.

<u>Miscellaneous Provisions</u>

109.        All of the exhibits to be attached hereto shall be incorporated by reference as though fully set forth herein. This Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or such party's counsel participated in the drafting of the Settlement.

110.        This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and Counsel for Defendants, provided any such amendment or modification is not contrary to law or an order of the Court.

111.        Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of Defendants; or (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault or

omission of Defendants in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which any Defendant is or becomes a party, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or the Final Order.

112.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. No rights under this Settlement may be waived except in writing and signed by the waiving party.

113.    This Stipulation and its exhibits constitute the entire agreement among these parties, and no representations, warranties or inducements have been made to the parties concerning this Stipulation or its exhibits, other than the representations, warranties and covenants contained and memorialized in such documents.

114.    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to be attached hereto, the terms of this Stipulation shall prevail.

115.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

116.    Parties and their respective counsel of record agree that they will use their best efforts and will cooperate to obtain all necessary approvals of the Court required by this Stipulation.

24

117.     Each of the undersigned counsel signing this Stipulation represents that such counsel has authority to enter into the terms and conditions of, and to sign this Stipulation on behalf of his or her identified clients, subject to Court approval.

118.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto.

119.     This Stipulation shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles. The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Stipulation or any of its terms. All parties to this Stipulation shall be subject to the jurisdiction of the Court for all purposes related to this Stipulation.

120.     This Stipulation shall remain binding notwithstanding any changes to the language or substance of NYLL Section 196-d, including but not limited to any changes that have the effect of eliminating or reducing Defendants' liability for the actions alleged in the Complaint.

121.     The parties acknowledge that retaliation for participation in this Action, whether as a Class Representative, opt-in plaintiff pursuant to the FLSA, or as a member of the Settlement Class, is prohibited by applicable law. The Court's retention of jurisdiction over this action, shall include any allegation of retaliation for participation in this action to the extent the Court has subject matter jurisdiction over such allegations.

The remainder of this page is intentionally left blank.

122.    Defendants shall have no right to information identifying those Settlement Class members who participate in this Settlement, and any further filings in this case shall avoid disclosure of the identities of participating Settlement Class members.

Dated: _9/11/13_____, 2013

_____
GARY ROSEN, ESQ.
GARY ROSEN LAW FIRM, P.C.
Attorney for Plaintiffs and Class Member
1010 Northern Boulevard, Suite 322
Great Neck, New York 11021
Tel.: (516) 437-3400

Dated: _9/11_____, 2013

_____
Errol Margolin, Esq.
Margolin & Pierce, LLP
Attorneys for Defendants
140 West 57th Street, 7TH Floor
New York, New York 10019

Runway Towing Corp.

By: _Cynthia Pritsinevelos_____
Name: Cynthia Pritsinevelos
Title:   President

_____
Cynthia Pritsinevelos, Individually

_____
Chris Pritsinevelos, Individually

26

# EXHIBIT "A"

# NOTICE OF PROPOSED SETTLEMENT OF LAWSUIT AGAINST RUNWAY TOWING CORP., ET.AL.

If You Worked as a tow truck driver, dispatcher, office personnel, yard man, mechanic or similar position for Runway Towing Corp. from March 7, 2006 to the present date, you Could Receive a Payment From a Class Action Settlement

*A federal court authorized this notice. It is not a solicitation from a lawyer.*

- This notice is being sent to notify you of a settlement in a lawsuit titled *D'Arpa, et.al. v. Runway Towing Corp., et. al.* The named plaintiffs are Christopher D'Arpa, Josue Joel Pujols-Vasquez, Desmond Mitchell and Edgar Padilla. The Defendants are Runway Towing Corp., Cynthia Pritsinevelos and Chris Pritsinevelos.

- The settlement will provide a total of $350,000 to settle the claims of present and former employees of Runway Towing Corp. ("Employees") who worked for Runway Towing Corp. from March 7, 2006 to the present date, inclusive of attorneys' fees, costs and expenses of this lawsuit.

- This notice explains how you may participate in the Settlement.

- **You are not being sued.** Retaliation against Class members for participating in or excluding themselves from the Settlement is strictly prohibited by law.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| Fill out a claim form by [50 days after Preliminary Approval] | This is the only way to receive payment |
| Exclude yourself by [50 days after Preliminary Approval] | You will not receive any payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| Object by [50 days after Preliminary Approval] | Write to the Court about why you don't like the Settlement. You may object and receive payment |
| Do Nothing | Give up your rights. You will be legally bound by the Settlement. |

> **NOTE: If <u>you previously filed a form to opt-in to the collective action in this lawsuit,</u> you will be deemed to have <u>filed</u> a <u>claim</u> form and the <u>declaration that</u> you have <u>provided</u> will be your claim form. This means that you do not have to do anything else to file your claim.**

## BASIC INFORMATION

### 1. WHY DID I RECEIVE THIS NOTICE PACKAGE?

Defendants' records show that you may have worked for Runway Towing Corp. as a tow truck driver, dispatcher, office personnel, yard man, mechanic or similar position between March 7, 2006 and the present date.

The Court directed the sending of this Notice to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, Gary Rosen Law Firm, P.C., Plaintiffs' attorneys will be authorized by the Court to collect the funds from the Defendants and pay the Settlement amounts allowed by the Court for each claimant.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to receive them.

### 2. WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more persons called "Plaintiffs" or "Class Representatives" (in this case Christopher D'Arpa, Josue Joel Pujols-Vasquez, Desmond Mitchell and Edgar Padilla) sued on behalf of other people who may have similar claims (in this case, the tow truck drivers, dispatchers, office personnel, yard men and mechanics). All the Employees are a "Class" or "Class Members." The Class Representatives who sued -- and all of the Class Members like them -- are called the Plaintiffs. The companies and individuals they sued (in this case Runway Towing Corp., Cynthia Pritsinevelos and Chris Pritsinevelos), are called the Defendants. One court resolves the issues for everyone in the Class except for those people who choose to exclude themselves from the Class.   United States Magistrate Judge Ramon E. Reyes will supervise the process of approving the Settlement of this class action.

### 3. WHAT IS THE LAWSUIT ABOUT?

Plaintiffs allege that Defendants failed to pay the Employees all wages owed for work performed while employed by Runway Towing Corp., and for overtime pay at not less

than one and one-half times the regular hourly rate for all hours worked in excess of forty hours in a workweek. Plaintiffs also say that Defendants took unlawful deductions from certain Employees checks in certain years. Plaintiffs seek money damages. These claims are more fully described in the Complaint and in other documents on file with the Court.

## 4. WHO IS IN THE CLASS?

The Class consists of all persons who worked as Employees of Runway Towing Corp. from March 7, 2006 to the present date, except for those people who choose to exclude themselves from the Class.

Also excluded from the Class are the named defendants, any corporations, partnerships or other entities affiliated with them, and any persons related by blood or marriage to the named defendants.

## 5. WHY IS THERE A SETTLEMENT?

On June 18, 2013, the Court granted partial summary judgment in favor of the Plaintiffs wherein the Court stated that employees were entitled to be paid time and one-half of their regular hourly pay for each hour worked in excess of forty hours per week and the plaintiffs were entitled to liquidated damages under New York State law and Federal law.

Based on discussions between the Plaintiffs, Defendants, Plaintiffs' attorneys and Defendants' with the assistance of Judge John Gleeson and Judge Ramon E. Reyes, instead of proceeding to trial to determine the amount of damages to assess against the Defendants, the parties reached an agreement as to the amount of money that the Defendants would pay into a fund to be distributed to the Class and for attorneys' fees. Both sides agreed to a settlement. A settlement avoids the cost of a trial, and the people affected will get compensation. The Class Representatives and the Class' lawyers think the Settlement is in the interest of all Class members.

### THE SETTLEMENT BENEFITS

## 6. WHAT DOES THE SETTLEMENT PROVIDE?

Defendants have agreed to pay $350,000 the ("Settlement Amount") to settle this case. Class members will receive compensation from this fund. Attorneys' fees and expenses, and any incentive award to the plaintiffs, as well as the costs of notice and administration of the Settlement will be paid out of the $350,000.

The Settlement Amount consists of $150,000 for the Opt-In Plaintiffs, $75,000 for the Class Members and $125,000 for attorneys' fees for Plaintiffs' attorneys.

The Settlement Amount will be paid by the Defendants as follows:
$7,500 per month will be paid by the Defendants to the Plaintiffs' counsel's attorney escrow account for 24 months.

$95,000 will be paid on the 25th month from the date of the issuance of an Order by the Court ordering this settlement.

$75,000 will be paid within ninety days of the issuance of a decision and order from the court approving the claims of any claimants seeking recovery under NYLL claims.

The Plaintiffs will have a consent judgment against the Defendants.

The assets of Runway Towing Corp., including the tow trucks, will be the collateral and security to ensure that payments will be made by Defendants in this action.   The Defendants may not sell or transfer any vehicles owned by Defendant Runway Towing Corp. without the express written consent of the Plaintiffs' attorneys to ensure that vehicles are not sold and the money taken out of Runway Towing Corp. by the Defendants.   If Runway Towing Corp. wishes to sell a vehicle and purchase another vehicle to ensure that their business continues so that the Settlement Amount will be paid, then Plaintiffs' counsel will agree to allow the sale of a vehicle.   If there is a dispute between the Plaintiffs' counsel and the Defendants as to the sale of a vehicle, then the Defendants may write to Judge John Gleeson who will resolve the matter.

The house owed by Defendants Cynthia Pritsinevelos and Chris Pritsinevelos in Bayside, New York will be additional security for the payment of the Settlement Amount.  Prior to Defendants Cynthia Pritsinevelos and Chris Pritsinevelos selling their house, they must obtain approval by Judge John Gleeson.   In the event that Defendants Cynthia Pritsinevelos and Chris Pritsinevelos wish to sell their house, as part of this settlement, $47,500 of the $95,000 payment that is due in month 25 of this settlement must be paid to the Plaintiffs' counsel's escrow account for the sale of the house to occur.

You cannot be retaliated against by Defendants for participating in this Class Action.

## 7. WHAT WILL A CLASS MEMBER RECEIVE FROM THE SETTLEMENT?

There are three parts to the settlement fund.

### Part I – Opt-In Plaintiffs

Part I consists of a total of $150,000.00 which is the amount of money that will be paid to the nineteen (19) individuals who were either initial plaintiffs in this action or who filed a form to opt-in to this lawsuit prior to the date of this notice ("Opt-In Plaintiffs").  Based on the information provided by the Opt-In Plaintiffs to the Plaintiffs' attorneys, and when taken together with the records provided by the Defendants, the Plaintiffs' counsel will be providing a schedule to the Court detailing how much of the $150,000.00 should be paid

to each of the Opt-In Plaintiffs. The information that will be used will be payroll time sheets and payroll records provided by the Defendants which explain the number of hours of overtime pay that each of the Opt-In Plaintiffs were not paid. When taken with the Opt-In Plaintiffs' hourly rate of pay, the schedule of payments to the Opt-In Plaintiffs will be presented to the Court for approval.

## Part II – New Claimants

Part II consists of a total of $75,000.00 which is the amount of money that will be paid to all of the class members, other than the Opt-In Plaintiffs (the "Class Fund"). In order to obtain a portion of the Class Fund, you must file a claim. If you do not file a claim form and send to the Court or to the Plaintiffs' attorneys office, you will not receive payment. The Class Fund is applicable only to your claims for violations of New York State Labor Laws, by the Defendants failure to pay overtime pay for each hour that you worked in excess of forty (40) hours per week.

You must provide the following details in order to file a claim:
   a.  You must indicate that you worked for Runway Towing Corp. between March 7, 2006 and the present date;
   b.  You must indicate the days that you worked for Runway Towing Corp. between March 7, 2006 and the present date;
   c.  You must indicate the times of day that you started and finished each day that you worked for Runway Towing Corp. between March 7, 2006 and the present date;
   d.  You must indicate the amount of money that you received from Runway Towing Corp. between March 7, 2006 and the present date for each week that you worked.

If you do not have all of your payroll records or details, you should provide details based upon your recollection of the hours and dates that you worked and the amounts of money that you received from Runway Towing Corp.

Based on the information that you provide, Plaintiffs' attorneys will calculate the amount of money that you may be entitled to. All of the allowed claims filed will be added together and each allowed claim will be paid based on the claimant receiving a proportion of the $75,000.00 that is allowed to the Class Fund.

At this time, Class Counsel cannot provide a precise statement of the amount you will receive from the Settlement Amount; the final number is dependent upon how many Class members participate in the Settlement.

In order to have federal claims in this case, you must have filed a "Consent to Become Party Plaintiff" prior to the present time, and not withdrawn that form.

## 8. HOW CAN I RECEIVE A PAYMENT?

To receive a payment, you must fill out the attached claim form and mail it to the Plaintiffs' attorney. If and when the Settlement becomes final and the claims process is completed, you will receive a check in the mail. Based on the terms of the settlement, as the Defendants will be making payments to the Plaintiffs' counsel's escrow account over twenty five (25) months, checks to the Plaintiffs and Class Members will be made quarterly or semi-annually.

You will be responsible for filing your own tax payments if any are required on the payments that you receive. You may speak to your own accountant as to your obligations for tax payments, if any.

None of the parties to this case, their counsel or the Claims Administrator is providing tax advice to Class Members. You must determine, on your own or with a tax professional, whether you owe additional taxes on the payment you receive from this Settlement.

## 9. WHEN WILL I RECEIVE MY PAYMENT?

The Court will hold a hearing on **[75 days after Preliminary Approval]** __, 2013, at ___.m. to decide whether to approve the Settlement. If the Court approves the Settlement, there may be objections or appeals which could delay payments. Resolving appeals can take time. Please be patient.

If you change your address, please make sure that you notify Plaintiffs' attorney of your new address.

## 10. WHAT AM I GIVING UP IF I RECEIVE A PAYMENT OR STAY IN THE CLASS?

If you stay in the Class, that means that you can't sue, continue to sue or be part of any other lawsuit against Defendants about the legal issues in this case; you will not be prohibited from bringing lawsuits against Defendants for matters unrelated to this case. It also means that the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement, you are agreeing to a "release of claims" as described in the Settlement.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, but you want to keep the right to sue or continue to sue Defendants on your own about the issues in this case, then you must do

something to get out of this case. This is called "excluding yourself from" or "opting out" of the Settlement.

## 11. HOW DO I GET OUT OF THE SETTLEMENT?

**To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from D'Arpa, et. al. v. Runway Towing Corp., et al. Be sure to include your name, address, telephone number, and the last four numbers of your social security number. The letter must be signed by you and MUST INCLUDE THE CASE NUMBER – "12-CV-1120 – D'ARPA V. RUNWAY".**

<u>The letter must be mailed to:</u>
Clerk of the Court
United States District Court
225 Cadman Plaza,
Brooklyn, New York 11201

and must be, post-marked on or before **[50 days after Preliminary Approval]**.
A copy must also be mailed by you to:

Gary Rosen Law Firm, P.C.
1010 Northern Boulevard, Suite 322
Great Neck, New York 11021

If you exclude yourself from the Class which is also sometimes called "opting-out" of the Class you will not get any money from the Settlement. If you exclude yourself, you will not be legally bound by the Court's orders or judgments in this case.

## 12. IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue Defendants for the claims that this Settlement resolves. If you have a pending lawsuit against Defendants involving any claim whatsoever, even if it is unrelated to wages and/or tips, speak to your lawyer in that lawsuit right away. The exclusion deadline is **[50 days after Preliminary Approval]**.

## THE LAWYERS REPRESENTING YOU

### 13. DO I HAVE A LAWYER IN THIS CASE?

Yes. The Court has appointed the following law firm as Class Counsel: Gary Rosen Law Firm, P.C., 1010 Northern Boulevard, Suite 322, Great Neck, New York 11021. These attorneys will represent you as part of the Class.

As part of the settlement, Class Counsel will be paid a legal fee of $125,000.00 for attorneys' fees, reimbursement of expenses and for the cost of notice and administration of the Settlement.

Class Counsel has not received, and will not receive, any other payment for their work on this case. Class Counsel will also ask for a payment of service awards in the amount of $7,500 for Christopher D'Arpa and $7,500 for Desmond Mitchell from the $150,000 Opt-In Plaintiff Fund for their efforts in this case. The Court may award less than the amounts requested by Class Counsel.

Class Counsel's attorneys' fees and expenses, the cost of notice and administration of the Settlement, and the Class Representatives' payments, will be paid out of the money recovered for the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 14. HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the Settlement if you don't like it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying you object to D'Arpa, et. al. v. Runway Towing Corp., et. al. You must include your name, address, telephone number, the last four digits of your social security number, the periods of time that you worked for Runway Towing Corp., your signature, and the detailed reasons you object to the Settlement and whether you are represented by your own lawyer.

To be considered by the Court, a timely objection must be submitted by a Class member who has not requested exclusion from the Class, and state the specific reason for each objection, including any legal support that the objector wishes to bring to the Court's attention, and copies of any documentary evidence. You must also state whether you will appear in person or not. Mail the objections, placing "Docket No. 12-CV-1120" on the envelope and on your objections, to the following places postmarked no later than [50 days after Preliminary Approval]:

Clerk of the Court
United States District Court
225 Cadman Plaza,
Brooklyn, New York 11201

With a copy to:
<u>Counsel for Class Plaintiffs:</u>
Gary Rosen Law Firm, P.C.
1010 Northern Boulevard, Suite 322
Great Neck, New York 11021

With a copy to:
<u>Counsel for Defendants:</u>
Margolin & Pierce, LLP
140 West 57th Street, 7TH Floor
New York, New York 10019

## 15. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to attend or speak.

## 16. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on **[75 days after preliminary approval]** at Courtroom 6-C in the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. Judge John Gleeson will listen to people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long the decision will take. The Court may postpone and/or reschedule the hearing without giving you any further notice.

## 17. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mail your written objection in on time, the Court will consider it.

## 18. MAY I SPEAK AT THE FAIRNESS HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying it is your "Notice of Intention to Appear in D'Arpa, et. al. v. Runway Towing Corp., et al." Be sure to include your name, address, telephone number and signature. Your Notice of Intention to Appear must be postmarked no later than **[50 days after Preliminary Approval], 2013** and be sent to the Clerk of the Court at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, to Class Counsel and to Defendants' Counsel at the addresses listed in the answer to Question 14. Include on the envelope and your correspondence the following: "Docket No. 12-cv-1120". You cannot speak at the hearing if you exclude yourself.

If the Settlement is not finally approved by the Court, the case will proceed forward to trial or other resolution by the Court as if there had been no settlement agreement.

### GETTING MORE INFORMATION

## 19. HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by visiting the website, www. .com, where you will find the Settlement documents, a change of address form and other information. If you need additional information, you should write to Class Counsel (at the addresses set out in the answer to question 14 above) or call the Class Counsel at 516-437-3400 and ask for Nadia.

**Please Do Not Call The Court or The Court Clerk.**

## CLAIM FORM

Fill out this form if you worked as a tow truck driver, dispatcher, office personnel, yard man, mechanic or similar position for Runway Towing Corp. from March 7, 2006 to the present date

If you fill out this form and mail it in, you will be paid out of the Class Settlement Amount based upon the days that you worked for Runway Towing Corp. between March 7, 2006 and the present date, the times of day that you started and finished each day that you worked for Runway Towing Corp. between March 7, 2006 and the present date and the amount of money that you received from Runway Towing Corp. between March 7, 2006 and the present date for each week that you worked.

1.  Write your name and current address in the boxes below:

Name: _____  _____  _____
        First Name              Middle Name              Last Name

Address: _____
                              Street Address

_____,  _____  _____
            City                         State          Zip Code

_____    _____
      Home Phone Number              Cell Phone Number

2.  For identification purposes only, provide the last four digits of your Social Security Number. This information will not be shared with anyone.

3.  I worked for Runway Towing Corp. from _____ to _____.

4.  I was paid $_____ per day or $_____ per hour by Runway Towing Corp.

5.  I was paid overtime pay by Runway Towing Corp. at the rate of time and one half of my regular rate of pay? **YES or NO** (CIRCLE ONE)

6.  I am attaching to this Claim Form, a listing of the dates and times that I worked for Runway Towing Corp. and a listing of the pay that I received from them.

7.  I affirm that the information I have provided on this Claim Form is true and correct to the best of my knowledge. I understand that I will receive only ONE payment from this settlement and can only submit one claim form.

Date: _____, 2013      Signature: _____

| | Date of the Week Ending that I worked | Number of Hours worked that week | Pay that I received that week |
|---|---|---|---|
| example: | 5/9/2010 | 60 | $          600.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# REMINDER

-           **Please Remember To Sign In Number 7 above.**

-           **Mail This Claim Form By [50 days after Preliminary Approval], 2013 in the enclosed self-addressed envelope to the Plaintiffs' Counsel.**

-           **Plaintiffs' Counsel may not recommend payment to you, or request proof as to the dates and times that you worked for Runway Towing Corp. and the amount of money paid to you if the Defendants' records do not show that you are a member of the Class.**

-           **Retaliation by Defendants against Class members for participating in or excluding themselves from this settlement is strictly prohibited by law. If you participate in this settlement, the fact of your participation is not being shared with Defendants, although they may discover your participation based on court filings.**

EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHRISTOPHER D'ARPA, JOSUE JOEL
PUJOLS-VASQUEZ, DESMOND MITCHELL,
EDGAR PADILLA, individually and on behalf of all
other persons similarly situated,

                            Plaintiffs,

                    -against-

RUNWAY TOWING CORP., RUNWAY
TOWING & RECOVERY CORP., CYNTHIA
PRITSINEVELOS; CHRIS PRITSINEVELOS,
JOHN DOES # 1-10; XYZ CORPORATIONS # 1-10,
jointly and severally,

                            Defendants.
------------------------------------------------------------------------X

Docket No. 12-CV-1120
(JG)(RER)

District Judge GLEESON
Magistrate Judge REYES

# [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

The above entitled matters came before the Court on Plaintiffs' Motion for Preliminanry Approval of Settlement, Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval" (ECF Document No. [_____].

## I.    Preliminary Approval of Settlement

1.    Based upon the Court's review of the Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation and Agreement of Settlement, Consent Judgment and Order of the Court.

1

2.      The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate.  See *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2nd Cir. 1980); *Capsolas v. Pasta Resources, Inc.*, 2012 U.S. Dist. Lexis 65408 (S.D.N.Y. 2012) (preliminary approving awage and hour class action settlement; *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. Lexis 27852 (S.D.N.Y. 2009).

3.      The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. *Capsolas, supra.*

4.      The assistance by Magistrate Reyes in effectuating a settlement reinforces that the Settlement Agreement is non-collusive.

## II. Notice.

5.      The Court approves the proposed Court-Authorized Notice ("Notice") attached to the Settlement Agreement as Exhibit "A" and directs its distribution.

6.      The contents of the Notice fully complies with due process and Federal Rules of Civil Procedure 23.

7.      Pursuant to Federal Rules of Civil Procedure 23(c)(2)(B), the notice must be:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests execution, stating when and how members may elect to be excluded; and the

2

binding effect of a class judgment on class members under Rule 23(c)(3).

Fed.R.Civ.P 23(c)(2)(B).

8.     The Notice satisfied each of these requirements and adequately puts Rule 23 Class Members on notice of the proposed settlement. See, e.g., In re Michael Milken & Assoc. Sec. Litig., 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); Capsolas, 2012 _____.

9.     The Notice is appropriate because it described the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time and place of the final approval hearing. *Capsolas, supra.*

### III. Class Action Settlement Procedure

10.     The Court hereby adopts the following settlement approval process:

A.          Within thirty (30) calendar days of this Order, the Defendants shall pay deposit the sum of $7,500 per month for twenty four (24) consecutive months with Gary Rosen Law Firm, P.C. as attorneys;

B.          On the first day of the twenty fifth (25th) month after the date of this Order, Defendants shall deposit the sum of $95,000 with Gary Rosen Law Firm, P.C. as attorneys;

C.          Prior to Defendants Cynthia Pritsinevelos and Chris Pritsinevelos closing on the sale of their House located at 215-12 29th Avenue, Bayside, New York, Cynthia Pritsinevelos and Chris Pritsinevelos shall obtain approval by this Court;

D.          In the event that Defendants Cynthia Pritsinevelos and Chris Pritsinevelos wish to sell the House and provided that the Court grants their request, the

3

sum of $47,500 of the $95,000 payment that is due in the twenty fifth month (25th) of the Settlement Agreement shall be paid to Gary Rosen Law Firm, P.C. as attorneys for the sale of the House to occur, leaving the balance of the $95,000.00, to wit: $47,500.00 due on the first day of the twenty fifth (25th) month after the date of this Order

E.          Within ninety (90) days from the issuance of a decision and order of this Court of the approval of the New York Labor Law class action claims, Defendants shall deposit the sum of $75,000 with Gary Rosen Law Firm, P.C. as attorneys;

F.          Within fifteen (15) days of this Order, Gary Rosen Law Firm, P.C. shall mail the Notice to class members.

G.          Class Members shall have thirty days after the date the Notice is mailed to opt out or object to the settlement.

H.          The Court will hold a final fairness hearing on _____, 2013 at _____ a.m./p.m. at the United States District Court for the Eastern District of New York, in Courtroom 6C.

I.          Plaintiff will file a Motion for Final Settlement Approval no later than fourteen (14) days before the fairness hearing.

J.          After the fairness hearing, if the Court grants Plaintiffs' Motion for Final Settlement Approval, the Court will issue a Final Order and Judgment.  If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Court enters its Final Order and Judgment.

K.          If an individual or party appeals the Court's Final Order and Judgment, the "Effective Date" of Settlement shall be the day after all appeals are finally

4

resolved in favor of final approval and the time for any further appeal, rehearing, or reconsideration has expired.

L.          The Class Counsel shall disburse settlement checks to Opt-In Plaintiffs, class members, attorneys fees to Class Counsel and Court-approved service awards upon further application by Plaintiffs' counsel and an order of this Court.

M.          The parties shall abide by all of the terms of the Settlement Agreement.

IT IS HEREBY ORDERED THIS _____ DAY OF _____, 2013.


_____
HON. JOHN GLEESON

5