**United States District Court**
**Eastern District of New York**
----------------------------------------------------------X

|  |  |
|---|---|
| **CHRISTOPHER D'ARPA and** | **DOCKET NO.** |
| **JOSUE JOEL PUJOLS-VASQUEZ,** | **12cv1120(JG)(RER)** |
| **DESMOND MITCHELL,** | |
| **EDGAR PADILLA** | **DECLARATION OF** |
| **Individually and on Behalf of All** | **GARY ROSEN, ESQ. IN** |
| **Other Persons Similarly Situated** | **SUPPORT OF MOTION FOR** |

|  |  |
|---|---|
| **DESMOND MITCHELL,** | **DECLARATION OF GARY ROSEN, ESQ. IN SUPPORT OF MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION** |

**CHRISTOPHER D'ARPA and**
**JOSUE JOEL PUJOLS-VASQUEZ,**
**DESMOND MITCHELL,**
**EDGAR PADILLA**
**Individually and on Behalf of All**
**Other Persons Similarly Situated**

        **Plaintiffs,**

-   **against –**

**RUNWAY TOWING CORP.,**
**RUNWAY TOWING & RECOVERY CORP.,**
**CYNTHIA PRITSINEVELOS AND**
**CHRIS PRITSINEVELOS, JOHN DOES # 1-10**
**AND XYZ CORPORATIONS # 1-10, Jointly**
**and Severally**

        **Defendants.**
----------------------------------------------------------X

**DOCKET NO.**
**12cv1120(JG)(RER)**

**DECLARATION OF**
**GARY ROSEN, ESQ. IN**
**SUPPORT OF MOTION FOR**
**FINAL APPROVAL OF**
**COLLECTIVE AND CLASS**
**ACTION**

**HON. GLEESON**

      GARY ROSEN, ESQ., an attorney duly admitted to practice law in the United States District Court for the Eastern District of New York declares under penalties of perjury that:

      1.     I am the attorney for the Plaintiffs and Class Members in this action.

      2.     For the purposes of this Declaration and Memorandum of Law, the term Plaintiffs means the nineteen (19) individuals who were initial plaintiffs or who opted into the collective action.  The term Class Member means those individuals who filed claims in the Class Action.

      3.     I am submitting this Declaration in support of Plaintiffs' motion for final approval of the collective and class action.

1

4.     I respectfully submit and adopt a memorandum of law in support of Plaintiffs' motion for final approval of the collective and class action, which sets for the legal basis why the motion for final approval of the collective and class action should be granted.

5.     I respectfully submit the following exhibits hereto:

a. **Exhibit 1** is Stipulation and Agreement of Settlement, Consent Judgment and Order of the Court dated September 11, 2013 (the "Settlement Agreement");

b. **Exhibit 2** is the Order of the Court dated September 17, 2013 granting preliminary approval of the settlement;

c. **Exhibit 3** is a proposed Order granting final approval of the collective and class action and authorizing the payments of funds to the Plaintiffs and Class Members;

d. **Exhibit 4** is a copy of the class notice mailed to Class Members;

e. **Exhibit 5** is a copy of the claim form mailed to Class Members;

f. **Exhibit 6** is the single request for exclusion submitted by one Class Member;

g. **Exhibit 7** is the allocation and distribution of the Part I funds totaling $150,000 pursuant to the Settlement Agreement;

h. **Exhibit 8** is the allocation and distribution of the Part II funds totaling $75,000 pursuant to the Settlement Agreement;

i. **Exhibit 9** is documentation demonstrating the entitlement of Alexander Hurtado to a portion of the Part II funds;

j. **Exhibit 10** is documentation demonstrating the entitlement of Miguel Vasquez to a portion of the Part II funds;

k. **Exhibit 11** is documentation demonstrating the entitlement of Deodath Parbu to a

2

portion of the Part II funds;

l.   **Exhibit 12** is documentation demonstrating the entitlement of Shabab Choudhury

to a portion of the Part II funds;

6.      Only twelve (12) Class Notices were returned as undeliverable.

7.      I made all reasonable efforts to obtain correct addresses for all returned

Class Notices.

8.      My office mailed seventy two (72) notices of the class action.

9.      Four individuals filed claims as a result of the mailing of the notice of

class action.

10.      One individual opted out of the class action (See Exhibit 6).

11.      There are nineteen initial and opt-in plaintiffs and four Class Members

who filed claims.

12.      The sum of $217,500 will be distributed to the Plaintiffs and Class

Members[1].

13.      It is in the best interests of the Plaintiffs and Class Members to have the

Court issue an order granting the instant motion.  Without reaching a settlement, the

Defendants indicated that they would appeal the decision of the Court, which would

ultimately have to be decided by the United States Court of Appeals for the Second

Circuit, arguing that the Court erred in deciding to exclude certain evidence, to wit: the

tow truck authorizations and logs which Defendants claimed demonstrate that Defendant

Runway Towing Corp. was an interstate motor carrier, exempt from the FLSA under the

Motor Carrier Exemption. While the Plaintiffs believe that any such appeal would be

rejected by the Second Circuit, there is always some risk that the Court of Appeals would

---

[1] $217,500 settlement amount less $125,000 for attorneys' fees and $7,500 for administration fees.

reverse the District Court ruling, resulting in no recovery for the Plaintiffs and the Class Members.

14.     The settlement is fair in that any significantly greater judgment against the Defendants would most likely force Defendants to cease operations and file for bankruptcy protection. The proposed settlement amount is a realistic amount that Defendants can pay based on the Defendants' financial condition. Defendants have shared with Plaintiffs documents substantiating their claim that a larger settlement or judgment would make them go out of business. Continued litigation would further deplete Defendants' resources, making it unlikely that Defendants could pay a settlement or judgment of this size in the future.

15.     To my knowledge, this appears to be the largest settlement ever reached in litigation by tow truck drivers and other towing company employees against a towing company in the Second Circuit and possibly in the United States (Rosen Decl. ¶ 9, 11).

16.     The Settlement Agreement provides that the attorneys' fees for Plaintiffs would be paid by Defendants as negotiated with the assistance of Magistrate Judge Reyes.

17.     I have extensive experience litigating in the District Court and experience representing workers as well as employers in wage-hour litigation and settlements.

18.     I have expended over 500 hours of time on this action and my paralegals Nadia Rahman and Dione Herring, as well as my junior associate, Jared Rosen, Esq. have all expended substantial time on this case.

19.     The attorneys' fees from the inception of this action to August 4, 2013 were $238,042.16 (**Exhibit 9**).  I have voluntarily reduced the bills by approximately

4

fifty percent (50%) by Gary Rosen Law Firm, P.C. from our standard reasonable billable rates of between $390 and $425 in order to achieve this settlement. Plaintiffs counsel seeks approval of $125,000 to be paid from the $350,000 settlement to Gary Rosen Law Firm, P.C. for attorneys' fees pursuant to the Settlement Agreement. The $125,000 would be paid proportionately as the payments are made to the Plaintiffs.

20.     Plaintiffs' counsel seeks $7,500 as administration fees for collecting the payments from the Defendants each of the twenty five (25) months of the payment plan arranged by Plaintiffs and Defendants and distributing the funds to the Plaintiffs and Class Members quarterly.

21.     It is anticipated that I will spend one-half hour per month at the rate of $390 per hour ($195 for the one-half hour per month) and a paralegal in my office will spend approximately one hour per month collecting and preparing checks for distributions each quarter at the rate of $125 per hour. The costs will be $320 per month plus $10 in postage per quarter.  ($320 x 25 months= $8,000 + $10 x 8 quarters = $80). The total costs for administering the funds will be $8,080.00. Plaintiffs counsel seeks approval of $7,500 to be paid from the Part II funds to Gary Rosen Law Firm, P.C. for administration fees.

22.     Pursuant to the Settlement Agreement, it is respectfully requested that Plaintiff Christopher D'Arpa be awarded a $7,500 Incentive Award.

23.     Pursuant to the Settlement Agreement, it is respectfully requested that Plaintiff Desmond Mitchell be awarded a $7,500 Incentive Award.

24.     The Settlement Agreement provided that Class Counsel could seek an Incentive Award of $7,500 to be paid to Christopher D'Arpa and $7,500 to Desmond

5

Mitchell for all of the efforts that they made to represent the interests of all of the Plaintiffs and which without their assistance and guidance, the settlement amount of $350,000 would not have been achieved.   The Settlement Agreement provided that payment of Incentive Awards to Christopher D'Arpa and Desmond Mitchell would be made from the Part I Settlement Amount.  The Settlement Agreement also provided that the Defendants would not oppose the granting of Incentive Awards.

25.     For the foregoing reasons and the reasons set forth in the memorandum of law, Plaintiffs respectfully asks that the Court (1) grant final approval of the collective action and class action settlement; (2) award Class Counsel attorneys' fees and costs; (3) award Class Counsel $7,500 administration fees in administering the settlement over the twenty five (25) months of the settlement payment and distribution period; and (4) approve the service fees requested to Plaintiff Christopher D'Arpa and Plaintiff Desmond Mitchell the amount of $7,500 each.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on November 26, 2013.**

Dated: Great Neck, New York
            November 26, 2013

_____
Gary Rosen, Esq. (GR-8007)
**Gary Rosen Law Firm, P.C.**
**Attorneys for Plaintiffs**
**1010 Northern Boulevard, Suite 322**
**Great Neck, New York 11021**
**516-437-3400**