UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER D'ARPA, JOSUE JOEL
PUJOLS-VASQUEZ, DESMOND
MITCHELL, EDGAR PADILLA,
individually and on behalf of all other persons
similarly situated,

                    Plaintiffs,

- versus -

RUNWAY TOWING CORP., CYNTHIA
PRITSINEVELOS, CHRIS
PRITSINEVELOS, JOHN DOES # 1-10,
XYZ CORPORATIONS # 1-10,
jointly and severally,

                    Defendants.

ORDER PRELIMINARILY
APPROVING PROPOSED
SETTLEMENT AND
APPROVING PROPOSED
NOTICE OF SETTLEMENT
AND SETTLEMENT
PROCEDURE

11-CV-1120

---

Before the Court is Plaintiffs' Motion for Preliminary Approval of Settlement, Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

**I.    Preliminary Approval of Settlement**

1.    Based upon the Court's review of the Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation and Agreement of Settlement, Consent Judgment and Order of the Court.

2.     The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate.

3.     The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4.     The assistance by Magistrate Reyes in effectuating a settlement reinforces that the Settlement Agreement is non-collusive.

## II. Notice.

5.     The Court approves the proposed Court-Authorized Notice ("Notice") attached to the Settlement Agreement as Exhibit "A" and directs its distribution.

6.     The contents of the Notice fully comply with due process and Rule 23 of the Federal Rules of Civil Procedure.

7.     Pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, the notice must be:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests execution, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

8.     The Notice satisfies each of these requirements and adequately puts Rule 23 Class Members on notice of the proposed settlement.

9. The Notice is appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time and place of the final approval hearing.

### III. Class Action Settlement Procedure

10. The Court hereby adopts the following settlement approval process:

A. By October 17, 2013, Defendants shall begin paying the sum of $7,500 per month for twenty four (24) consecutive months with Gary Rosen Law Firm, P.C. as attorneys;

B. On October 1, 2015, Defendants shall deposit the sum of $95,000 with Gary Rosen Law Firm, P.C. as attorneys;

C. Prior to Defendants Cynthia Pritsinevelos and Chris Pritsinevelos closing on the sale of their House located at 215-12 29th Avenue, Bayside, New York, Cynthia Pritsinevelos and Chris Pritsinevelos shall obtain approval by this Court;

D. In the event that Defendants Cynthia Pritsinevelos and Chris Pritsinevelos wish to sell the House and provided that the Court grants their request, $47,500 of the $95,000 payment that is due on October 1, 2015 shall be paid to Gary Rosen Law Firm, P.C. as attorneys for the sale of the House to occur, leaving the balance of $47,500.00 due on October 1, 2015.

E. Within ninety (90) days from the issuance of a decision and order of this Court of the approval of the New York Labor Law class action claims, Defendants shall deposit the sum of $75,000 with Gary Rosen Law Firm, P.C. as attorneys;

F. By October 2, 2013, Gary Rosen Law Firm, P.C. shall mail the Notice to class members.

  G. Class Members shall have until November 1, 2013 to opt out or object to the settlement.

  H. The Court will hold a final fairness hearing on December 4, 2013 at 10:00 am at the United States District Court for the Eastern District of New York, in Courtroom 6C.

  I. Plaintiff will file a Motion for Final Settlement Approval no later than November 20, 2013.

  J. After the fairness hearing, if the Court grants Plaintiffs' Motion for Final Settlement Approval, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be thirty (30) days after the Court enters its Final Order and Judgment.

  K. If an individual or party appeals the Court's Final Order and Judgment, the "Effective Date" of Settlement shall be the day after all appeals are finally resolved in favor of final approval and the time for any further appeal, rehearing, or reconsideration has expired.

  L. The Class Counsel shall disburse settlement checks to Opt-In Plaintiffs, class members, attorney's fees to Class Counsel and Court-approved service awards upon further application by Plaintiffs' counsel and an order of this Court.

  M. The parties shall abide by all of the terms of the Settlement Agreement.

      So ordered.

      John Gleeson, U.S.D.J.

Dated: September 17, 2013
   Brooklyn, New York