**United States District Court**
**Eastern District of New York**
-------------------------------------------------------------X                    **DOCKET NO.**
                                                                                  **12cv1120(JG)(RER)**
**CHRISTOPHER D'ARPA and**
**JOSUE JOEL PUJOLS-VASQUEZ,**
**DESMOND MITCHELL,**
**EDGAR PADILLA**
Individually and on Behalf of All
Other Persons Similarly Situated

                Plaintiffs,

  - against –

**RUNWAY TOWING CORP.,**
**RUNWAY TOWING & RECOVERY CORP.,**
**CYNTHIA PRITSINEVELOS AND**
**CHRIS PRITSINEVELOS, JOHN DOES # 1-10**
**AND XYZ CORPORATIONS # 1-10, Jointly**
**and Severally**


                Defendants.
-------------------------------------------------------------X

### [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING
### FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On March 7, 2012, Plaintiffs filed this action on their own behalf and on behalf of all similarly situated employees who were employed by Defendants for the period commencing on March 7, 2006. Plaintiffs brought claims for failure to pay overtime pursuant to the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et. seq.,* failure to pay overtime pursuant to the New York Labor Law ("NYLL"), failure to pay spread of hours pay under the NYLL, unlawful deductions under the NYLL, breach of contract and unjust enrichment. Plaintiffs' FLSA claims were brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all similarly situated employees who were employed by Defendants from March 7, 2009. Plaintiffs' NYLL claims were

brought as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class of all Employees who were employed by Defendants from March 7, 2006. Nineteen (19) Employees have opted-in to this Action by being an initial Plaintiff or by filing a Consent to Become Party Plaintiff ("Opt-in Plaintiffs"). Four (4) additional former employees of Defendants joined in as Class Members.

This action involved significant litigation over a period of approximately one and one half years and significant resources were expended on (a) discovering the individuals employed or formerly employed by Defendant Runway Towing Corp. who were not paid overtime wages and who were due monies for wage underpayments; (b) determining the number of hours that each such individual worked for Defendants; (c) determining the amounts of money paid by the Defendants to the said employees; (d) determining the amount of underpayment of wages by the failure of the Defendants to pay overtime pay for each hour that a Plaintiff and Class Member worked in excess of forty hours per week.

On August 7, 2013, after over three hours of discussions with Judge Reyes, a settlement in the amount of $350,000 was achieved.

The parties participated in a settlement conference before the undersigned on July 23, 2013 and the parties participated in a settlement conference before Judge Reyes on August 7, 2013. At the end of the conferences, Judge Reyes proposed that the parties settle this case for $350,000, payable over twenty five (25) months. The parties ultimately accepted this negotiated proposal.

On September 11, 2013, the parties executed a Stipulation and Agreement of Settlement, Consent Judgment and Order of the Court (the "Settlement Agreement") and

submitted same to the Court.

On September 17, 2013, the Court entered an Order ("Preliminary Approval Order") preliminarily approving the Settlement and authorizing dissemination of notice (the "Notice") to the Class. The Notice described (1) the terms of the settlement; (2) the relief available to Class Members; (3) the date, time, and place of the Fairness Hearing; (4) the procedures for objecting to the settlement and appearing at the Fairness Hearing; (5) the service fee sought; (6) the attorneys' fees sought; and (7) contact information for Class Counsel. The Notice was mailed to all seventy two (72) Class Members, along with a claim form for the potential claimants to complete and file with Class Counsel or the Clerk of the Court.

The Class is defined as all persons who worked as a tow truck driver, dispatcher, office personnel, yard man, mechanic or similar position between March 7, 2006 and November 1, 2013 who did not timely opt out of the NYLL claims in the settlement, and also includes all opt-in plaintiffs who did not opt out of the Class.

No Class Member objected to the Settlement. One Class Member opted out of the Settlement. In addition to the nineteen (19) initial and opt-in plaintiffs, four (4) Class Members, whose claims represent roughly 100% of the money available to Class Members under the Settlement, timely submitted claim forms.

Pursuant to the Preliminary Approval Order, Plaintiff filed their Motion for Final Approval. Defendants did not oppose any portion of this motion.

The Court held a final fairness hearing on December 4, 2013 (the "Fairness Hearing"). Having considered the Motion for Final Approval, the supporting memorandum of law, the Declaration of Gary Rosen and exhibits thereto; the oral

arguments presented at the Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

3. The $350,000 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D"Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). Moreover, as the settlement amount was proposed by Magistrate Judge Reyes, there is a presumption of fairness and arm's-length negotiations. *E.g., Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 U.S. Dist. LEXIS 11931, at *2-3 (S.D.N.Y. Jan. 20, 2011).

4. The Parties' judgment that the settlement is fair and reasonable, as well as the Class's favorable response to the settlement, weigh in favor of final approval of the settlement.

5. The Settlement shall be effective 30 days after entry of this Order if no appeal is taken of this Order. If an appeal is taken in this matter, the effective date shall be 10 days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.

6. Upon the date of this Order, each Class Member shall have released all NYLL claims against Defendants that were or could have been asserted in this lawsuit through September 17, 2013, including all NYLL claims for unpaid overtime compensation, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

7. Upon the date of this Order, each Qualified Class Member, *i.e.,* a Class Member who timely submitted a claim form, shall have released all FLSA claims against Defendants that were or could have been asserted in this lawsuit through September 17, 2013, including all FLSA claims for unpaid minimum wages, overtime wages, liquidated damages, and attorneys' fees and costs related to such claims.

8. This Court awards Class Counsel the sum of $125,000, as attorneys' fees to be paid from the settlement fund, inclusive of costs and expenses incurred in this action.

9. The Court finds that the amount of fees requested is fair and reasonable using the "percentage of recovery" method, which is consistent with the trend in the Second Circuit. *Duchene v. Michael Cetta, Inc.,* No. 06 Civ. 4576, 2009 U.S. Dist. LEXIS

85955, at *8-9 (S.D.N.Y. Sept. 10, 2009); *see also Hicks v. Morgan Stanley & Co.,* No. 01 Civ. 10071, 2005 U.S. Dist. LEXIS 24890, at *22 (S.D.N.Y. Oct. 24, 2005) (same).

11. Class Counsel's request for an amount which is equal to approximately 35% of the settlement fund is also consistent with or lower than the trend in this Circuit. *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar,* No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *16 (S.D.N.Y. Mar. 31, 2009) (collecting cases).

12. Class Counsel was able to use their considerable expertise in the type of claim asserted in this action to achieve an excellent result for the Class in a highly efficient manner. *In re Telik, Inc. Secs. Litig.,* 576 F. Supp. 2d 570, 588-89 (S.D.N.Y. 2008).

13. The attorneys' fees requested were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

14. This Court awards Class Counsel the sum of $7,500, as administration fees to be paid from the settlement fund, inclusive of costs and expenses incurred in this action.

15. This Court approves a $7,500 Service Fee, to be paid from the settlement fund, for Plaintiff Christopher D'Arpa. This Service Fee is reasonable in light of the efforts the Plaintiff expended in furthering the interests of the Class.

16. This Court approves a $7,500 Service Fee, to be paid from the settlement fund, for Plaintiff Desmond Mitchell. This Service Fee is reasonable in light of the efforts the Plaintiff expended in furthering the interests of the Class.

17. The entire Litigation is dismissed with prejudice and without costs to any

party.

18. All Class Members, except those individuals who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims.

19. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the settlement agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

18. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.


Dated: December ___, 2013
       Brooklyn, New York


                                          _____
                                          Hon. John Gleeson
                                          United States District Judge