# NOTICE OF PROPOSED SETTLEMENT OF LAWSUIT AGAINST RUNWAY TOWING CORP., ET.AL.

If You Worked as a tow truck driver, dispatcher, office personnel, yard man, mechanic or similar position for Runway Towing Corp. from March 7, 2006 to the present date, you Could Receive a Payment From a Class Action Settlement

*A federal court authorized this notice. It is not a solicitation from a lawyer.*

- This notice is being sent to notify you of a settlement in a lawsuit titled *D'Arpa, et.al. v. Runway Towing Corp., et. al.* The named plaintiffs are Christopher D'Arpa, Josue Joel Pujols-Vasquez, Desmond Mitchell and Edgar Padilla. The Defendants are Runway Towing Corp., Cynthia Pritsinevelos and Chris Pritsinevelos.

- The settlement will provide a total of $350,000 to settle the claims of present and former employees of Runway Towing Corp. ("Employees") who worked for Runway Towing Corp. from March 7, 2006 to the present date, inclusive of attorneys' fees, costs and expenses of this lawsuit.

- This notice explains how you may participate in the Settlement.

- **You are not being sued.** Retaliation against Class members for participating in or excluding themselves from the Settlement is strictly prohibited by law.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| | |
| Fill out a claim form by **NOVEMBER 1, 2013** | This is the only way to receive payment |
| Exclude yourself by **NOVEMBER 1, 2013** | You will not receive any payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| Object by **NOVEMBER 1, 2013** | Write to the Court about why you don't like the Settlement. You may object and receive payment |
| Do Nothing | Give up your rights. You will be legally bound by the Settlement. |
| | |

> **NOTE: If <u>you previously filed a form to opt-in to the collective action in this lawsuit,</u> you will be deemed to have <u>filed</u> a <u>claim</u> form and the <u>declaration</u> that you have <u>provided</u> will <u>be your</u> claim form. This means that you do not have to do anything else to file your claim.**

## BASIC INFORMATION

### 1. WHY DID I RECEIVE THIS NOTICE PACKAGE?

Defendants' records show that you may have worked for Runway Towing Corp. as a tow truck driver, dispatcher, office personnel, yard man, mechanic or similar position between March 7, 2006 and the present date.

The Court directed the sending of this Notice to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, Gary Rosen Law Firm, P.C., Plaintiffs' attorneys will be authorized by the Court to collect the funds from the Defendants and pay the Settlement amounts allowed by the Court for each claimant.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to receive them.

### 2. WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more persons called "Plaintiffs" or "Class Representatives" (in this case Christopher D'Arpa, Josue Joel Pujols-Vasquez, Desmond Mitchell and Edgar Padilla) sued on behalf of other people who may have similar claims (in this case, the tow truck drivers, dispatchers, office personnel, yard men and mechanics). All the Employees are a "Class" or "Class Members." The Class Representatives who sued -- and all of the Class Members like them -- are called the Plaintiffs. The companies and individuals they sued (in this case Runway Towing Corp., Cynthia Pritsinevelos and Chris Pritsinevelos), are called the Defendants. One court resolves the issues for everyone in the Class except for those people who choose to exclude themselves from the Class. United States Magistrate Judge Ramon E. Reyes will supervise the process of approving the Settlement of this class action.

### 3. WHAT IS THE LAWSUIT ABOUT?

Plaintiffs allege that Defendants failed to pay the Employees all wages owed for work performed while employed by Runway Towing Corp., and for overtime pay at not less

than one and one-half times the regular hourly rate for all hours worked in excess of forty hours in a workweek. Plaintiffs also say that Defendants took unlawful deductions from certain Employees checks in certain years. Plaintiffs seek money damages. These claims are more fully described in the Complaint and in other documents on file with the Court.

## 4. WHO IS IN THE CLASS?

The Class consists of all persons who worked as Employees of Runway Towing Corp. from March 7, 2006 to the present date, except for those people who choose to exclude themselves from the Class.

Also excluded from the Class are the named defendants, any corporations, partnerships or other entities affiliated with them, and any persons related by blood or marriage to the named defendants.

## 5. WHY IS THERE A SETTLEMENT?

On June 18, 2013, the Court granted partial summary judgment in favor of the Plaintiffs wherein the Court stated that employees were entitled to be paid time and one-half of their regular hourly pay for each hour worked in excess of forty hours per week and the plaintiffs were entitled to liquidated damages under New York State law and Federal law.

Based on discussions between the Plaintiffs, Defendants, Plaintiffs' attorneys and Defendants' with the assistance of Judge John Gleeson and Judge Ramon E. Reyes, instead of proceeding to trial to determine the amount of damages to assess against the Defendants, the parties reached an agreement as to the amount of money that the Defendants would pay into a fund to be distributed to the Class and for attorneys' fees. Both sides agreed to a settlement. A settlement avoids the cost of a trial, and the people affected will get compensation. The Class Representatives and the Class' lawyers think the Settlement is in the interest of all Class members.

### THE SETTLEMENT BENEFITS

## 6. WHAT DOES THE SETTLEMENT PROVIDE?

Defendants have agreed to pay $350,000 the ("Settlement Amount") to settle this case. Class members will receive compensation from this fund. Attorneys' fees and expenses, and any incentive award to the plaintiffs, as well as the costs of notice and administration of the Settlement will be paid out of the $350,000.

The Settlement Amount consists of $150,000 for the Opt-In Plaintiffs, $75,000 for the Class Members and $125,000 for attorneys' fees for Plaintiffs' attorneys.

The Settlement Amount will be paid by the Defendants as follows:
$7,500 per month will be paid by the Defendants to the Plaintiffs' counsel's attorney escrow account for 24 months.

$95,000 will be paid on the 25th month from the date of the issuance of an Order by the Court ordering this settlement.

$75,000 will be paid within ninety days of the issuance of a decision and order from the court approving the claims of any claimants seeking recovery under NYLL claims.

The Plaintiffs will have a consent judgment against the Defendants.

The assets of Runway Towing Corp., including the tow trucks, will be the collateral and security to ensure that payments will be made by Defendants in this action.   The Defendants may not sell or transfer any vehicles owned by Defendant Runway Towing Corp. without the express written consent of the Plaintiffs' attorneys to ensure that vehicles are not sold and the money taken out of Runway Towing Corp. by the Defendants.   If Runway Towing Corp. wishes to sell a vehicle and purchase another vehicle to ensure that their business continues so that the Settlement Amount will be paid, then Plaintiffs' counsel will agree to allow the sale of a vehicle.   If there is a dispute between the Plaintiffs' counsel and the Defendants as to the sale of a vehicle, then the Defendants may write to Judge John Gleeson who will resolve the matter.

The house owed by Defendants Cynthia Pritsinevelos and Chris Pritsinevelos in Bayside, New York will be additional security for the payment of the Settlement Amount.  Prior to Defendants Cynthia Pritsinevelos and Chris Pritsinevelos selling their house, they must obtain approval by Judge John Gleeson.   In the event that Defendants Cynthia Pritsinevelos and Chris Pritsinevelos wish to sell their house, as part of this settlement, $47,500 of the $95,000 payment that is due in month 25 of this settlement must be paid to the Plaintiffs' counsel's escrow account for the sale of the house to occur.

You cannot be retaliated against by Defendants for participating in this Class Action.

## 7. WHAT WILL A CLASS MEMBER RECEIVE FROM THE SETTLEMENT?

There are three parts to the settlement fund.

### Part I – Opt-In Plaintiffs

Part I consists of a total of $150,000.00 which is the amount of money that will be paid to the nineteen (19) individuals who were either initial plaintiffs in this action or who filed a form to opt-in to this lawsuit prior to the date of this notice ("Opt-In Plaintiffs").  Based on the information provided by the Opt-In Plaintiffs to the Plaintiffs' attorneys, and when taken together with the records provided by the Defendants, the Plaintiffs' counsel will be providing a schedule to the Court detailing how much of the $150,000.00 should be paid

to each of the Opt-In Plaintiffs. The information that will be used will be payroll time sheets and payroll records provided by the Defendants which explain the number of hours of overtime pay that each of the Opt-In Plaintiffs were not paid. When taken with the Opt-In Plaintiffs' hourly rate of pay, the schedule of payments to the Opt-In Plaintiffs will be presented to the Court for approval.

## Part II – New Claimants

Part II consists of a total of $75,000.00 which is the amount of money that will be paid to all of the class members, other than the Opt-In Plaintiffs (the "Class Fund"). In order to obtain a portion of the Class Fund, you must file a claim. If you do not file a claim form and send to the Court or to the Plaintiffs' attorneys office, you will not receive payment. The Class Fund is applicable only to your claims for violations of New York State Labor Laws, by the Defendants failure to pay overtime pay for each hour that you worked in excess of forty (40) hours per week.

You must provide the following details in order to file a claim:
  a. You must indicate that you worked for Runway Towing Corp. between March 7, 2006 and the present date;
  b. You must indicate the days that you worked for Runway Towing Corp. between March 7, 2006 and the present date;
  c. You must indicate the times of day that you started and finished each day that you worked for Runway Towing Corp. between March 7, 2006 and the present date;
  d. You must indicate the amount of money that you received from Runway Towing Corp. between March 7, 2006 and the present date for each week that you worked.

If you do not have all of your payroll records or details, you should provide details based upon your recollection of the hours and dates that you worked and the amounts of money that you received from Runway Towing Corp.

Based on the information that you provide, Plaintiffs' attorneys will calculate the amount of money that you may be entitled to. All of the allowed claims filed will be added together and each allowed claim will be paid based on the claimant receiving a proportion of the $75,000.00 that is allowed to the Class Fund.

At this time, Class Counsel cannot provide a precise statement of the amount you will receive from the Settlement Amount; the final number is dependent upon how many Class members participate in the Settlement.

In order to have federal claims in this case, you must have filed a "Consent to Become Party Plaintiff" prior to the present time, and not withdrawn that form.

## 8. HOW CAN I RECEIVE A PAYMENT?

To receive a payment, you must fill out the attached claim form and mail it to the Plaintiffs' attorney. If and when the Settlement becomes final and the claims process is completed, you will receive a check in the mail. Based on the terms of the settlement, as the Defendants will be making payments to the Plaintiffs' counsel's escrow account over twenty five (25) months, checks to the Plaintiffs and Class Members will be made quarterly or semi-annually.

You will be responsible for filing your own tax payments if any are required on the payments that you receive. You may speak to your own accountant as to your obligations for tax payments, if any.

None of the parties to this case, their counsel or the Claims Administrator is providing tax advice to Class Members. You must determine, on your own or with a tax professional, whether you owe additional taxes on the payment you receive from this Settlement.

## 9. WHEN WILL I RECEIVE MY PAYMENT?

The Court will hold a hearing on **DECEMBER 4, 2013**, at 10:00.m. in Courtroom 6C at the United States District Court, Eastern District of New York at 225 Cadman Plaza East, Brooklyn, New York to decide whether to approve the Settlement. If the Court approves the Settlement, there may be objections or appeals which could delay payments. Resolving appeals can take time. Please be patient.

If you change your address, please make sure that you notify Plaintiffs' attorney of your new address.

## 10. WHAT AM I GIVING UP IF I RECEIVE A PAYMENT OR STAY IN THE CLASS?

If you stay in the Class, that means that you can't sue, continue to sue or be part of any other lawsuit against Defendants about the legal issues in this case; you will not be prohibited from bringing lawsuits against Defendants for matters unrelated to this case. It also means that the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement, you are agreeing to a "release of claims" as described in the Settlement.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you don't want a payment from this Settlement, but you want to keep the right to sue or continue to sue Defendants on your own about the issues in this case, then you must do something to get out of this case. This is called "excluding yourself from" or "opting out" of the Settlement.

## 11. HOW DO I GET OUT OF THE SETTLEMENT?

**To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from D'Arpa, et. al. v. Runway Towing Corp., et al. Be sure to include your name, address, telephone number, and the last four numbers of your social security number. The letter must be signed by you and MUST INCLUDE THE CASE NUMBER – "12-CV-1120 – D'ARPA V. RUNWAY".**

<u>The letter must be mailed to:</u>
Clerk of the Court
United States District Court
225 Cadman Plaza,
Brooklyn, New York 11201

and must be, post-marked on or before **NOVEMBER 1, 2013**.
A copy must also be mailed by you to:

Gary Rosen Law Firm, P.C.
1010 Northern Boulevard, Suite 322
Great Neck, New York 11021

If you exclude yourself from the Class which is also sometimes called "opting-out" of the Class you will not get any money from the Settlement. If you exclude yourself, you will not be legally bound by the Court's orders or judgments in this case.

## 12. IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue Defendants for the claims that this Settlement resolves. If you have a pending lawsuit against Defendants involving any claim whatsoever, even if it is unrelated to wages and/or tips, speak to your lawyer in that lawsuit right away. The exclusion deadline is **NOVEMBER 1, 2013**.

## THE LAWYERS REPRESENTING YOU

### 13. DO I HAVE A LAWYER IN THIS CASE?

Yes. The Court has appointed the following law firm as Class Counsel: Gary Rosen Law Firm, P.C., 1010 Northern Boulevard, Suite 322, Great Neck, New York 11021. These attorneys will represent you as part of the Class.

As part of the settlement, Class Counsel will be paid a legal fee of $125,000.00 for attorneys' fees, reimbursement of expenses and for the cost of notice and administration of the Settlement.

Class Counsel has not received, and will not receive, any other payment for their work on this case. Class Counsel will also ask for a payment of service awards in the amount of $7,500 for Christopher D'Arpa and $7,500 for Desmond Mitchell from the $150,000 Opt-In Plaintiff Fund for their efforts in this case. The Court may award less than the amounts requested by Class Counsel.

Class Counsel's attorneys' fees and expenses, the cost of notice and administration of the Settlement, and the Class Representatives' payments, will be paid out of the money recovered for the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 14. HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the Settlement if you don't like it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying you object to D'Arpa, et. al. v. Runway Towing Corp., et. al. You must include your name, address, telephone number, the last four digits of your social security number, the periods of time that you worked for Runway Towing Corp., your signature, and the detailed reasons you object to the Settlement and whether you are represented by your own lawyer.

To be considered by the Court, a timely objection must be submitted by a Class member who has not requested exclusion from the Class, and state the specific reason for each objection, including any legal support that the objector wishes to bring to the Court's attention, and copies of any documentary evidence. You must also state whether you will appear in person or not. Mail the objections, placing "Docket No. 12-CV-1120" on the envelope and on your objections, to the following places postmarked no later than **NOVEMBER 1, 2013**:

Clerk of the Court
United States District Court
225 Cadman Plaza,
Brooklyn, New York 11201

With a copy to:
Counsel for Class Plaintiffs:
Gary Rosen Law Firm, P.C.
1010 Northern Boulevard, Suite 322
Great Neck, New York 11021

With a copy to:
Counsel for Defendants:
Margolin & Pierce, LLP
140 West 57th Street, 7TH Floor
New York, New York 10019

## 15. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to attend or speak.

## 16. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on December 4, 2013 at 10:00 a.m. at Courtroom 6-C in the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. Judge John Gleeson will listen to people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long the decision will take. The Court may postpone and/or reschedule the hearing without giving you any further notice.

## 17. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mail your written objection in on time, the Court will consider it.

## 18. MAY I SPEAK AT THE FAIRNESS HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying it is your "Notice of Intention to Appear in D'Arpa, et. al. v. Runway Towing Corp., et al." Be sure to include your name, address, telephone number and signature. Your Notice of Intention to Appear must be postmarked no later than **NOVEMBER 1, 2013** and be sent to the Clerk of the Court at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, to Class Counsel and to Defendants' Counsel at the addresses listed in the answer to Question 14. Include on the envelope and your correspondence the following: "Docket No. 12-cv-1120". You cannot speak at the hearing if you exclude yourself.

If the Settlement is not finally approved by the Court, the case will proceed forward to trial or other resolution by the Court as if there had been no settlement agreement.

### GETTING MORE INFORMATION

## 19. HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by visiting the website, www. .com, where you will find the Settlement documents, a change of address form and other information. If you need additional information, you should write to Class Counsel (at the addresses set out in the answer to question 14 above) or call the Class Counsel at 516-437-3400 and ask for Nadia.

**Please Do Not Call The Court or The Court Clerk.**